UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH RAY,
    Petitioner,

v.

CONNIE CONLON,
    Respondent.

Case No. 1:16-cv-571

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On May 23, 2016, petitioner commenced this habeas corpus action. (*See* Doc. 1). On June 7, 2017, the undersigned issued an Order to show cause why this matter should not be dismissed for want of prosecution on account of petitioner's failure to keep the Court appraised of his current mailing address within fifteen (15) days.[1] (Doc. 8).

To date, more than fifteen days after the Court's June 7, 2017 Order, petitioner has failed to respond to the Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

---

[1] The Order also ordered respondent to show cause for its failure to comply with the Court's June 28, 2016 Order to file an answer to the petition. (*See* Doc. 8). Respondent has since responded, indicating that "the Hamilton County Prosecutor's Office, on behalf of the State of Ohio, has reviewed its case tracking system and has not found any record of receiving notice of the instant case at the time of filing." (Doc. 10 at PageID 70). In response to the petition, respondent contends that petitioner is not entitled to habeas relief because he is not in custody, has failed to exhaust available state court remedies, and is currently a fugitive from justice. (*See id.*).

Accordingly, because petitioner has failed to respond to the Order issued on June 7, 2017, petitioner's petition for a writ of habeas corpus (Doc. 6) should be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH RAY,  
    Petitioner,

v.

CONNIE CONLON,  
    Respondent.

Case No. 1:16-cv-571

Black, J.  
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).